# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AMERICAN FAMILY INSURANCE GROUP,

                Plaintiff,

vs.

FORD MOTOR COMPANY,

                Defendant.

Case No. 2:10-cv-00865-PMP-PAL

**AMENDED ORDER**

      Before the court is the parties' Stipulated Discovery Plan and Scheduling Order which requests special scheduling review (Dkt. #26).

      The complaint in this case was filed in state court and removed (Dkt. #1) June 4, 2010. Proceedings in this matter were stayed pending transfer to the Panel on Multidistrict Litigation in the Eastern District of Michigan. *See* Minutes of Proceedings (Dkt. #12) and Certified Conditional Transfer Order (Dkt. #13) entered August 30, 2010, and September 8, 2010, respectively. On April 17, 2012, the Panel on Multidistrict Litigation conditionally remanded the case to this court for further proceedings. The Certified Conditional Remand Order was filed in this court May 22, 2012 (Dkt. #15). The parties did not submit a proposed discovery plan and scheduling order (Dkt. #16) until September 14, 2012, which the court set for hearing on September 25, 2012. The parties disputed the scope of the discovery which should be permitted, and whether the pleadings could be amended after remand from the MDL court. The court granted the parties' Stipulation (Dkt. #18) continuing the scheduling conference and reset the scheduling conference at the parties' request until October 16, 2012. *See* Order (Dkt. #19).

      At the October 16, 2012, hearing, the court heard the parties' dispute concerning whether or not the complaint could be amended after remand, and the scope of discovery that should be permitted in

light of the MDL consolidated pretrial proceedings.  The court gave counsel for Plaintiff 14 days from the hearing to propound written discovery, and reset the matter for a status and dispute resolution conference on December 20, 2012, as Plaintiff's counsel believed there would be disputes.  The court directed that the parties file a Joint Status Report articulating their respective positions concerning any discovery disputes after Defendant's responses had been received.  The parties failed to comply.  At the December 20, 2012, conference, counsel indicated that Ford had recently produced responsive documents and gave counsel for Plaintiff until January 22, 2013, to review the documents so that the parties could submit a proposed revised discovery plan and scheduling order to complete the remaining discovery necessary to prepare this case for trial.

The parties have now submitted a proposed discovery plan and scheduling order which would establish an October 17, 2013, discovery cutoff, nearly 17 months after remand from the MDL court.  The court will not approve the parties' plan.  This is a subrogation action in which a homeowner's insurer seeks to recover sums paid to or on behalf of its insured for a fire that occurred at a residence in Las Vegas, Nevada, on May 28, 2008.  The Plaintiff insurance company, American Family, alleges that the fire originated from the insured's 2000 Ford Expedition and was caused by a defective speed control deactivation switch.  The complaint alleges damages in excess of $10,000.  The civil cover sheet removing this action indicates Plaintiff's demand was $141,013.31.  This case was among 146 other cases transferred to the Eastern District of Michigan as MDL No. 1718 for consolidated proceedings in connection with the *In Re: Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation*.  Extensive pretrial liability discovery occurred, and a document depository was established to give all parties access to discovery. It was remanded for case-specific discovery.  Common liability discovery of the alleged defective part has been completed and common discovery remains on file in the MDL 1718 document depository.

The parties' proposed discovery plan and scheduling order states that expert witnesses will need to be retained to investigate the accident and analyze the 2000 Ford Expedition.  As this is a subrogation action premised on a product defect in a vehicle alleged responsible for the fire, Plaintiff must have retained one or more experts to opine that the 2000 Ford Expedition deactivation switch caused this fire before filing this complaint.  If not, the court questions the Rule 11 basis for filing this

case. Similarly, the insurance company must have conducted an investigation of fire cause and origin, and have documentation regarding the damages claimed before paying its insured and pursuing this action. Thus, the court does not agree that the discovery needed to prepare this case for trial is "extensive" and requires special scheduling review. The parties failure to submit a proposed discovery plan and scheduling order until almost 4 months after remand has already unreasonably delayed resolution of this case.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. The parties' proposed Discovery Plan and Scheduling Order (Dkt. #26) is **NOT APPROVED** and is **DENIED**.

2. The following discovery plan and scheduling order deadlines shall apply:

    a. Last date to complete discovery: **July 12, 2013.**

    b. Last date to amend pleadings and add parties: **Time has run.**

    c. Last date to file interim status report: **May 13, 2013.**

    e. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **May 13, 2013.**

    f. Last date to disclose rebuttal experts: **June 12, 2013.**

    g. Last date to file dispositive motions: **August 12, 2013.**

    h. Last date to file joint pretrial order: **September 10, 2013.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

3. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

4. Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be

///
///
///

received no later than **4:00 p.m., June 21, 2013,** and shall fully comply with the requirements of LR 26-4.

Dated this 28th day of January, 2013.

                                                                   _____
                                                                   Peggy A. Leen
                                                                   United States Magistrate Judge